STITES, Respondent, v. MONTANA & DAKOTA GRAIN
COMPANY, Appellant.

(No. 6,565.)

(Submitted January 23, 1930.   Decided February 5, 1930.)

[284 Pac. 536.]

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief
and argued the cause orally.

*Mr. E. K. Cheadle,* for Respondent, submitted a brief and
argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff recovered judgment against the defendant in the sum of $128.80, with costs. The action was tried to the court without a jury on an agreed statement of facts. The defendant has appealed from the judgment.

The facts agreed to are these: Defendant operates a grain ██ elevator at Moore. On September 10, 1925, plaintiff delivered and sold to it 286 bushels and ten pounds of wheat for $386.40. The wheat was grown on land mortgaged to the Union Central Insurance Company, which demanded from defendant one-third of the wheat produced from the land, basing its demand upon the provisions of the real estate mortgage. Defendant advised plaintiff of this demand, and plaintiff, at the request of defendant's agent, returned to defendant the sum of $128.80, being one-third of the purchase price of the wheat, and at the same time signed and delivered a written instrument, prepared and presented to him by defendant, as follows:

"Mr. Jim Robison,

"Manager, Montana & Dakota Elevator Co.,

"Moore, Montana.

"I am herewith leaving one-third of my entire crop raised on the place that the Union Central Life Insurance Company holds a mortgage on, with the Montana & Dakota Elevator Company of Moore. The total amount of the crop was 286 bushels, 10 pounds, one-third of which is 95 bushels, 25 pounds. You are hereby instructed to hold this amount of wheat subject to the court to determine who this wheat rightfully belongs to, myself, B. F. Stites, or the Union Central Life Insurance Company.

"B. F. STITES.

"Witness H. E. STRONG."

Defendant thereupon issued a storage receipt payable to the order of plaintiff and the Union Central Life Insurance Company for ninety-five bushels twenty-five pounds of wheat, but

did not deliver it to either plaintiff or the Union Central Life Insurance Company. No action was ever commenced to determine the ownership of the wheat, and the Union Central Life Insurance Company, in March, 1928, and after this action was commenced, released its claim against the wheat and the proceeds thereof. The defendant tendered into court the storage ticket, and offered to deliver it and the wheat to plaintiff upon the indorsement of the storage ticket by plaintiff and upon payment of the usual storage charges.

Defendant contends that these facts do not warrant a judgment for plaintiff as against its claim that it is entitled to storage charges. We do not agree with this contention.

While the statement signed by plaintiff contained a recital that he was leaving with defendant one-third of his crop with instructions to hold the wheat subject to determination of ownership by the court, it is shown that what he actually returned to and left with defendant was the proceeds from one-third of the crop. The wheat had been sold to defendant and not delivered for storage. The parties so treated the transaction.

Had plaintiff delivered wheat to the defendant for storage, defendant was obligated, not only to issue, but to deliver to plaintiff, a warehouse receipt. (Sec. 3586, Rev. Codes 1921.) This it did not do. In fact, it was prohibited from issuing a receipt for grain except upon actual delivery of the grain into the warehouse. (Sec. 3587, Id.) Had the parties treated the transaction as one for the storage of wheat, the storage receipt should have been delivered by defendant to either plaintiff or the Union Central Life Insurance Company, and the storage charges would then have been properly collectible "upon the return of the receipt * * * properly endorsed." (Chap. 174, Laws 1925.)

The effect of the transaction was that defendant was to hold the proceeds from the sale of the wheat until it was determined who was entitled to it. Under the facts here presented, there was no storage of wheat and defendant was not entitled to storage charges, as claimed by it. Neither can defendant pre-

vail upon the assertion made by it that the payment to it by plaintiff was voluntarily made.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.